Nye v. Newport Police     13-cv-420-LM     1/22/14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Thadius B. Nye

    v.                                                    Civil No. 13-cv-420-LM
                                                            Opinion No. 2014 DNH 011
Newport Police Department and
Aaron Aldridge


**O R D E R**


Before the court is Thadius B. Nye's complaint (doc. no. 1).  Nye's complaint is construed as intending to state claims, under 42 U.S.C. § 1983 and state tort law, against defendants Aaron Aldridge, a fellow inmate at the New Hampshire State Prison ("NHSP"), and Aldridge's former employer, the Newport Police Department ("NPD").  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A, to determine if plaintiff has stated any claims upon which relief can be granted.


Background

Aldridge, a former NPD officer, is currently incarcerated at the NHSP where Nye is also incarcerated.  Aldridge is serving a sentence for possession of child pornography.  Nye alleges that upon seeing Aldridge's face recently, Nye recalled that

when Nye was a minor, Aldridge arrested and brought Nye into custody. Nye recalls that at that time, Aldridge "overly touched" Nye; Aldridge kept "going to [Nye's] pockets," "looked" around Nye "way too much," and made sounds or said words Nye could not quite hear, while looking at Nye from behind. Nye further recalls Aldridge telling Nye to "stop moving" when Nye turned around, wondering what Aldridge was doing. Nye believes that Aldridge's search was a sexual assault, and that the NPD is liable for failing to prevent Aldridge from sexually assaulting him when he was a minor.

## Claims

Nye asserts the following claims in this action:

1. Aldridge violated Nye's (a) Fourth Amendment right to be free from an unreasonable search and seizure, and (b) Fourteenth Amendment right to substantive due process, when Aldridge sexually assaulted Nye when Nye was a minor.

2. The NPD violated Nye's Fourth and Fourteenth Amendment rights, under 42 U.S.C. § 1983, by failing to prevent its employee, NPD Officer Aldridge, from sexually assaulting minors.

3. Aldridge and the NPD are liable to Nye under state tort law for assault and battery, based on the same allegations giving rise to Nye's federal constitutional claims.

2

<u>Discussion</u>

I.   <u>Standard for Preliminary Review</u>

The court undertakes a preliminary review of Nye's complaint, pursuant to 28 U.S.C. § 1915A, to determine whether the action may proceed.  In determining whether a pro se complaint states a claim, the court construes the complaint liberally.  <u>See</u> <u>Erickson v. Pardus,</u> 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

II.  <u>Fourteenth Amendment Substantive Due Process Claim</u>

Allegations that an officer used force as well as his position of authority to sexually assault an arrestee may be actionable under the Fourteenth Amendment, to the extent that the officer's conduct may be deemed to shock the conscience. <u>See, e.g.,</u> <u>Marrero-Rodríguez v. Mun'y of San Juan</u>, 677 F.3d 497, 501-02 (1st Cir. 2012) ("conduct intended to injure in some way unjustifiable by any government interest, is most likely to support a substantive due process claim" (citation and internal

3

quotation marks omitted)).  Stripped of Nye's legal conclusion that Aldridge's actions constituted a "sexual assault," Nye's description of the incident does not distinguish Aldridge's conduct from a permissible search incident to an arrest, conducted for justifiable police purposes.  The facts asserted therefore do not state a plausible claim for relief for a substantive due process violation.

III. Fourth Amendment Claim

The Fourth Amendment prohibits unreasonable searches.  Searches incident to arrests that involve sexual contact or inspections may be actionable under 42 U.S.C. § 1983 as violations of the Fourth Amendment.  See, e.g., Swain v. Spinney, 117 F.3d 1, 6 (1st Cir. 1997) (strip and visual body cavity search incident to arrest is subject to Fourth Amendment strictures).  The facts Nye has alleged, without more, do not demonstrate that Aldridge employed unreasonable procedures in searching Nye at the time of Nye's arrest.  Thus, Nye has failed to state a plausible Fourth Amendment claim with respect to that search.

4

## IV. Municipal Liability

Even if there were a basis for finding that Aldridge's search violated Nye's federal rights, the facts alleged by Nye fail to show any basis for finding the NPD liable under federal law for failing to protect minors from a sexual assault by Aldridge. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005).

## V. Tort Claims

The court declines to exercise supplemental jurisdiction over the state law claims asserted by Nye, as the court finds that the complaint fails to state any plausible federal claim for relief. The court therefore declines to address whether Nye has stated any plausible claim for relief under state law, as all of Nye's state law claims would properly be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c), if the federal claims are dismissed.

## Conclusion

For the foregoing reasons, Nye is granted fourteen days to show cause why the Fourth and Fourteenth Amendment claims identified in this order should not be dismissed for failure to

state a claim upon which relief can be granted, and to show cause why the court should exercise jurisdiction over the state law claims asserted against defendants.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 22, 2014

cc:  Thadius B. Nye, pro se

LBM:nmd

6